UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:23-cv-00087-CRS-LLK

MICHAEL M.                                                                                                    PLAINTIFF

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security                           DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and his claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. [Doc. 1]. Plaintiff's fact/law summary is at Doc. 14, the Commissioner's responsive fact/law summary is at Doc. 18, and Plaintiff's reply is at Doc. 19. The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. [Doc. 13].

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On March 21, 2022, the ALJ issued the Commissioner's final decision. [Administrative Record, Doc. 12 at 19-31]. The ALJ denied Plaintiff's disability claim, finding lack of disability from September 24, 2020, when he alleges that he became disabled, through March 21, 2022, when the ALJ issued her decision. *Id.*

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 24, 2020, his alleged date of onset of disability. *Id.* at 21.

1

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments: multiple fractures from a motor vehicle accident, a hernia, degenerative disc disease of the lumbar spine, and obesity. *Id.*

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations. *Id.* at 22.

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ found that, notwithstanding his impairments, Plaintiff can:

> … perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) including the capacity to lift and carry, and push/pull 10 pounds occasionally and sit 30 minutes at a time for six hours in an eight-hour workday. He can stand and/or walk for short periods for up to two hours in an eight-hour workday. He needs a cane when walking. He should never climb ladders, kneel or crawl. He should avoid concentrated exposure to vibration and avoid all exposure to hazards such as unprotected heights or moving/dangerous machinery.

*Id.* at 23.

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. *Id.* at 29.

Fifth, the ALJ found that Plaintiff can perform a significant number of unskilled, sedentary jobs in the national economy such as inspector and hand packer. *Id.* at 30.

**Legal Standards**

Because Plaintiff filed his DIB and SSI claims in September 2020 [Doc. 12 at 19], the new rules for weighing medical opinions apply. *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply."). Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source. 20 C.F.R. § 404.1520c(a). In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors." 20 C.F.R. § 404.1520c(c)(1)-(5). But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion. 20 C.F.R. § 404.1520c(b)(2).

2

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

**Plaintiff's first argument is unpersuasive.**

First, Plaintiff argues that the ALJ's finding that he does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations [Doc. 12 at 22] is not supported by substantial evidence. [Doc. 14 at PageID.1141-44].

Plaintiff suffers from "recurrent lumbar hernia" "with intestinal contents." [Doc. 12 at 24, 28]. "Lumbar hernia" is a "condition in which the tissues inside the abdomen protrude through a defect of the abdominal wall in the area near the lumbar spine." *Pollard v. Grace Med. Ctr.*, No. CV PJM-21-0636, 2022 WL 3599141, at *1 (D. Md. Aug. 23, 2022). The ALJ acknowledged that Plaintiff suffers from a severe, or vocationally significant, hernia. [Doc. 12 at 21]. Plaintiff argues that his hernia satisfies the medical criteria of Listing 1.21.

Listing 1.21 defines as disabling the following medical impairment:

*Soft tissue injury or abnormality under continuing surgical management* (see 1.00L), documented by A, B, and C:

3

> A. Evidence confirms continuing surgical management (see 1.00O1) directed toward saving, reconstructing, or replacing the affected part of the body; AND
>
> B. The surgical management has been, or is expected to be, ongoing for a continuous period of at least 12 months; AND
>
> C. Maximum benefit from therapy (see 1.00O2) has not yet been achieved.

Listing 1.21, regulations, Appendix 1.

Plaintiff carries the burden of proving that the medical criteria of a listed impairment are satisfied, and this burden is construed strictly because the listing represents an automatic screening in of an impairment as disabling independently of any other medical or vocational factor. *See Sec'y v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a listed impairment's] criteria, no matter how severely, does not qualify."); *Elam ex rel. Golay v. Comm'r*, 348 F.3d 124, 125 (6th Cir. 2003) ("It is insufficient that a claimant comes close to meeting the requirements of a listed impairment.").

Plaintiff's argument that his hernia satisfies the Listing 1.21 is unpersuasive for two reasons.

First, Plaintiff fails to prove that his hernia constitutes a "soft tissue injury or abnormality under continuing surgical management" as contemplated by Listing 1.00L. Listing 1.00L(1)(c) lists the following as examples of a disabling "soft tissue injury or abnormality": "malformations, third and fourth-degree burns, crush injuries, craniofacial injuries, avulsive injuries, and amputations with complications of the residual limb(s)." Plaintiff cites and this Report finds no authority indicating that a hernia may satisfy Listing 1.21. Nor does Plaintiff explain (and it is not apparent) how a hernia is medically analogous to any of the listed examples.

Second, the surgical management must be "directed toward saving, reconstructing, or replacing the affected part of the body." Listing 1.21(A). While Plaintiff has undergone multiple hernia surgeries and nerve block procedures, he does not allege or prove that they were so directed at saving, reconstructing, or replacing his abdomen wall. Rather, the surgeries and procedures appear to have been directed at addressing Plaintiff's ongoing pain complaints.

To facilitate meaningful judicial review, an ALJ must discuss a listing if there is a "substantial question" that a claimant might satisfy it. *Smith-Johnson v. Comm'r*, 579 F. App'x 426, 432 (6th Cir. 2014) (quoting *Abbott v. Sec'y*, 905 F.2d 918, 925 (6th Cir. 1990)). Thus, to the extent Plaintiff argues that the ALJ erred in not discussing the **possibility** of satisfying Listing 1.21, the argument is unpersuasive because there was no "substantial question" that Listing 1.21 was satisfied.

**Plaintiff's second argument is unpersuasive.**

Second, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. [Doc. 14 at PageID.1144-49].

On September 24, 2020, when he alleges that he became disabled, Plaintiff suffered multiple fractures in a motor vehicle accident. The ALJ acknowledged significant residual effects upon Plaintiff's RFC from the motor vehicle accident, including being limited to sedentary work and needing a cane when walking. [Doc. 12 at 23].

Plaintiff bears the burden of proving a more restrictive RFC than found by the ALJ. *Dyson v. Comm'r*, 786 F. App'x 586, 589 (6th Cir. 2019). Typically, a plaintiff may satisfy this burden by showing that either 1) a treating or other medical source opined limitations not contemplated by the ALJ's RFC and the ALJ erred in discounting the opinion; or 2) the ALJ improperly evaluated the limiting effects of pain and other subjective symptoms.

Plaintiff identifies no treating or other medical source who opined greater restriction than found by the ALJ. On the contrary, the state agency program physicians opined **fewer** restrictions than the ALJ found. These physicians found that Plaintiff's "fractures were expected to head and be non-severe within 12 months" of September 24, 2020, but the ALJ was "not persuaded." [Doc. 12 at 28].

The ALJ's pain / "credibility assessment must be accorded great weight and deference." *Shepard v. Comm'r*, 705 F. App'x 435, 442 (6th Cir. 2017). Where the ALJ's evaluation of the medical opinions is supported by substantial evidence, the ALJ's pain / credibility assessment is "virtually unchallengeable

5

absent compelling reasons." *Id.* In this case, the ALJ's evaluation of the medical opinions is supported by substantial evidence, and Plaintiff identifies no compelling reason to second guess the ALJ's pain / credibility assessment.

### Plaintiff's third argument is unpersuasive.

Third, Plaintiff argues that the controlling vocational hypothetical did not "accurately portray" his limitations. [Doc. 14 at PageID.1150 quoting *Varley v. Sec'y*, 820 F.2d 777, 779 (6th Cir. 1987)].

"While it is true that an ALJ may rely on a VE's response to a hypothetical question only if the question accurately portrays the claimant's impairments, the ALJ is required to incorporate only those limitations that he or she accepted as credible." *Masters v. Comm'r*, 707 F. App'x 374, 380 (6th Cir. 2017). In this case, the hypothetical question reflects the ALJ's RFC determination, which (as discussed in connection with the prior argument) was supported by substantial evidence.

### Plaintiff's fourth argument is unpersuasive.

Fourth, Plaintiff argues that a remand is required due to the opinion of his treating hernia surgeon, Henrik Berdel, M.D., at Doc. 12, p. 36. While Plaintiff presents no sustained argument that Dr. Berdel's opinion warrants remand, his other arguments are peppered with passing references to the opinion of Dr. "Berdel," the opinion of his "hernia surgeon," and the opinion at page "36" of the administrative record. [Doc. 14 at PageID.1143, 45, 48, 49, 51]. These passing references fail to respect the principle of law, which applies with respect to Dr. Berdel's opinion, that a reviewing court may consider evidence that was not before the ALJ only for the limited purpose of determining whether to grant a remand to the Commissioner for consideration of new and material evidence pursuant to Sentence 6 of 42 U.S.C. § 405(g). *Cline v. Comm'r*, 96 F.3d 146, 148 (6th Cir. 1996).

On March 21, 2022, the ALJ issued her decision denying Plaintiff's disability claim. [Administrative Record, Doc. 12 at 19-31].

On appeal to the Appeals Council, Plaintiff submitted an undated medical source statement from Dr. Berdel, which opined that Plaintiff is disabled by his hernia, but did not opine with respect to Listing 1.21 or Plaintiff's RFC:

> l, Henrik Berdel, am a trauma surgeon at the University of Kentucky. Michael Menser has been in my care since May 2021 for a traumatic left flank hernia he suffered after motor vehicle collision. I performed successful repair of his hernia last May. However, his symptoms unfortunately persist despite this. He suffers from severe pain and swelling in the area that is debilitating to the degree that some days he is unable to get out of bed. A hernia recurrence has been ruled out. He has not been able to work due to the severe pain. I have referred him to a pain clinic and his day-to-day life remains significantly impacted by this in addition to the other sequelae of the motor vehicle collision. In my opinion he should strongly be considered for disability - this is unlikely to improve with time, and he will have to fight with this for the remainder of his life.

*Id.* at 36.

On April 10, 2023, the ALJ's decision became the Commissioner's final decision (subject to judicial review) when it declined to disturb the ALJ's decision. *Id.* at 1-4. The Appeals Council found that Dr. Berdel's undated medical source statement "does not show a reasonable probability that it would change the outcome of the decision." *Id.* at 2.

42 U.S.C. § 405(g) governs judicial review of final decisions of the Commissioner. Sentence 4 authorizes remand of decisions that are not supported by substantial evidence in the administrative record that was before the ALJ. Sentence 6 authorizes remand for consideration of new evidence that was not before the ALJ upon a showing of materiality and good cause:

> The court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Sentence 6, 42 U.S.C. § 405(g).

Evidence is "material" if there is "a reasonable probability that the Commissioner would have reached a different disposition of the disability claim if presented with the new evidence." *Ferguson v. Comm'r*, 628 F.3d 269, 276 (6th Cir. 2010).

7

In this case, Dr. Berdel's opinion that Plaintiff is disabled by his hernia is not material. This is because statements that an individual is able or unable to work or which fail to provide descriptions of a claimant's "functional abilities and limitations" are categorized as "[s]tatements on issues reserved to the Commissioner" and are "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c).

"Good cause" is demonstrated, among other ways, by showing that the evidence in question arose from "continued medical treatment of the condition [after the ALJ's decision], and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Sec'y*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986). Plaintiff makes no such showing.

## RECOMMENDATION

Because Plaintiff's four arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

November 20, 2023

Lanny King, Magistrate Judge
United States District Court

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

November 20, 2023

Lanny King, Magistrate Judge
United States District Court

8